**FRATERNAL COMPOSITE SERVICES, INC., Appellant,**

v.

**James J. KARCZEWSKI, Appellee.**

No. 5:03–CV–1432(FJS).

United States District Court, N.D. New York.

Sept. 21, 2004.

Hodgson Russ LLP, Richard L. Weisz, of counsel, Albany, New York, for Appellant.

Hancock & Estabrook, LLP, Camille W. Hill, of counsel, Syracuse, New York, for Appellee.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, Chief Judge.

### I. INTRODUCTION

On April 29, 2003, Appellant Fraternal Composite Services, Inc. ("the corporation") filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code. Subsequently, on July 11, 2003, Appellee James J. Karczewski filed a motion, pursuant to § 1112(b) of the Bankruptcy Code, to dismiss the corporation's Chapter 11 petition. On October 16, 2003, the Bankruptcy Court (Gerling, C.B.J.) issued a Letter Decision and Order in which it granted Appellee's motion. Presently before the Court is the corporation's appeal from that Letter Decision and Order.

### II. BACKGROUND

The corporation specializes in the production of photograph composite portraits, primarily for college sororities and frater-

nities. Appellee is a shareholder, having a one-third interest in the corporation. Carol Gallman, Appellee's cousin, owns the remaining two-thirds interest in the corporation.

On July 1, 1999, Appellee filed a petition with the New York State Supreme Court, County of Oneida, seeking the judicial dissolution of the corporation pursuant to New York Business Corporation Law ("NYBCL") § 1104–a. On August 3, 1999, the corporation elected to purchase Appellee's one-third interest pursuant to NYBCL § 1118, rather than having the corporation dissolved. Both parties subsequently hired experts to prepare a valuation of Appellee's interest in the corporation. After considering the experts' opinions, William Chandler, the Referee, whom Justice John J. Grow appointed, valued Appellee's one-third interest at $808,500 plus interest at the statutory rate of nine percent per annum beginning on the valuation date. Each party then filed objections to the Referee's Report. The corporation also filed a motion seeking to relitigate the issue of the payment terms under which it would buy out Appellee's interest in the corporation and the interest rate to be applied to Appellee's award.

Justice Grow was scheduled to hear the matter and issue a judgment valuing Appellee's interest on April 30, 2003. However, one day prior to the scheduled hearing, on April 29, 2003, the corporation filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code. At the time that the corporation filed its petition, Justice Grow had not ruled on whether to adopt the findings contained in the Referee's Report and no actual judgment had been entered in favor of Appellee in the state-court action.

With this factual background in mind, the Court will address the issue that is dispositive of this appeal—whether the corporation filed its Chapter 11 petition in bad faith.

## III. DISCUSSION

In its Letter Decision and Order, the Bankruptcy Court concluded that the corporation filed for Chapter 11 protection prematurely. The court reasoned that, because the state court had not yet issued a judgment on the valuation of Appellee's interest in the corporation, the corporation's intent was to use the bankruptcy process solely as a means to delay, frustrate and relitigate the state-court issues.[1] In addition, the Bankruptcy Court found that the corporation was not experiencing any serious financial difficulties and was current on all obligations to pay its employees and to fulfill customer contracts. Moreover, the Bankruptcy Court noted that the state court had not yet deter-

---

1. Since the state court had not yet issued a judgment on the valuation of Appellee's interest in the corporation or the method of payment, the Bankruptcy Court concluded that it would be premature to examine the factors set forth in *In re Sletteland*, 260 B.R. 657 (Bankr.S.D.N.Y.2001), for determining whether to dismiss a Chapter 11 petition. In *Sletteland*, the court analyzed the following factors to determine whether to dismiss a Chapter 11 petition: (1) the debtor's ability to post a bond and/or to pay the judgment; (2) whether the debtor had transferred assets or placed them beyond the reach of creditors after the judgment; (3) whether the case was a two-party dispute between the debtor and the judgment creditor and whether the debtor has employees or an on-going business; (4) whether the debtor exhausted its state-court remedies in attempting to appeal without paying a bond and whether the debtor had examined the availability of other alternatives to bankruptcy filing; (5) the expenses of the appeal which would accrue as priority claims; and (6) whether the filing was simply an attempt on the debtor's part to relitigate the state-court judgment. *See id.* at 663–66.

mined whether the corporation would be allowed to satisfy any state-court judgment in installments or whether Appellee was entitled to execute on any state-court judgment. Lastly, the Bankruptcy Court found that the state court was the proper forum to decide whether or not to revoke the corporation's § 1118 election to purchase Appellee's interest.

The corporation challenges the Bankruptcy Court's decision on several different, but interrelated, grounds. First, the corporation argues that the Bankruptcy Court applied the wrong legal standard when it dismissed the Chapter 11 petition. To support this position, the corporation asserts that its filing of its Chapter 11 petition was not a collateral attack on a state-court judgment because no state-court judgment had been granted at the time that it filed its Chapter 11 petition. Second, the corporation contends that its filing was not premature and that the Bankruptcy Court erred in asserting that the absence of a state-court judgment was a determinative factor in dismissing the Chapter 11 petition.

The corporation also argues that, when a debtor is faced with an uncertain claim amount, the best course of action is for the bankruptcy court to keep the case in Chapter 11 while the state court decides the amount of the claim. The bankruptcy court can then set payment terms if it decides that Chapter 11 reorganization is feasible. The corporation claims that it filed a Chapter 11 plan whereby the Bankruptcy Court would review the Referee's Report and decide on a payment schedule that would eventually pay Appellee in full. Essentially, the corporation contends that its plan is a valid attempt at reorganization rather than a collateral attack on the pending state-court judgment. Finally, the corporation asserts that the Bankruptcy Court might not have dismissed its Chapter 11 petition had it known that Appellee's goal was to force the corporation's dissolution by seeking immediate execution on any judgment awarded.

 A bankruptcy court may dismiss a Chapter 11 petition "for cause." 11 U.S.C. § 1112(b). Courts have held that a lack of good faith constitutes proper cause to dismiss a Chapter 11 petition. *See In re Marsch*, 36 F.3d 825, 828 (9th Cir.1994) (citations omitted). Although the movant bears the initial burden to show cause for dismissal of a Chapter 11 bankruptcy, once this burden has been met,[2] the burden shifts to the debtor to prove that it filed its Chapter 11 petition in good faith. *See In re Muskogee Envtl. Conservation Co.*, 236 B.R. 57, 59 (Bankr.N.D.Okla.1999) (citations omitted).

 "[A] determination of bad faith requires a full examination of all the circumstances of the case; it is a highly factual determination but also one that may sweep broadly." *In re C–TC 9th Ave. P'ship*, 113 F.3d 1304, 1312 (2d Cir.1997) (citations omitted). However, "[w]hen the record is sufficiently well developed to allow the bankruptcy court to draw the necessary inferences to dismiss a Chapter 11 case for cause, the bankruptcy court may do so." *Id.* (citation omitted).

 Courts that have addressed this issue have concluded that a debtor has filed its Chapter 11 petition in good faith when it finds itself in difficult financial situations with a need to financially reorganize and rehabilitate. Although the debtor need not be *in extremis* to file a Chapter 11 petition, it must, at least, be experiencing a level of financial difficulty

---

**2.** Appellee has met his burden to show cause for dismissal of the corporation's Chapter 11 petition for the reasons set forth in the Bankruptcy Court's Letter Decision and Order.

that, if it did not file at that time, it would likely need to file in the future. *See In the Matter of Cohoes Indus. Terminal, Inc.,* 931 F.2d 222, 228 (2d Cir.1991) (citation omitted). Nonetheless, the mere possibility that a debtor may have to file for Chapter 11 protection in the future does not establish grounds for finding that the debtor filed its petition in good faith. *See In re SGL Carbon Corp.,* 200 F.3d 154, 163–64 (3d Cir.1999) (citations omitted).

■ On the other hand, courts have found that a debtor has filed its Chapter 11 petition in bad faith when it had no reason to reorganize or rehabilitate and its filing of a Chapter 11 petition was merely an attempt to avoid litigating issues in state court. As one court has noted, Chapter 11 does not exist "for the purpose of allowing a debtor the option of litigating a dispute with a single party ... in an alternate forum, when the debtor has no other need of or use for the bankruptcy court." *In re Muskogee Envtl. Conservation Co.,* 236 B.R. at 68.

■ In the present case, the corporation asserts that its filing was in good faith because it was facing financial difficulties that warranted the filing of its Chapter 11 petition at that time. Specifically, the corporation contends that it "does not have sufficient cash reserves to pay the requested judgment unless installment payments are allowed[;] ... the entry of a significant judgment by the State Court will severely impair the operations of the Debtor[;] ... [c]onsumers will be less likely to prepay for composite pictures[;][and] Movant' [sic] reference to the Referee's decision not to allow any installment payments indicates that entry of judgment will be followed by immediate execution thereon." *See* Appel-

lant's Memorandum of Law at 3–4. Moreover, the corporation claims that it "does not have sufficient assets to pay the judgment; and it is unlikely that it will be able to obtain a bond on appeal." *See id.* at 4.[3]

Based upon a review of the record, the Court concludes that the reasons upon which the corporation relies to sustain its argument that it filed its Chapter 11 petition in good faith do not support such a conclusion. Rather, these justifications are based upon nothing more than mere speculation and, as the Bankruptcy Court noted in its Letter Decision and Order, they are based upon the "worst possible scenario should [the corporation] be required to pay [the Appellee] over $1 million in satisfaction of any judgment." *See* Letter Decision and Order at 10. As the Bankruptcy Court also stated,

[i]t is the Debtor's position that it would not be financially eligible for a *supersedeas* bond and, therefore, would not be in a position to obtain a stay pending appeal in the State Court action. The [corporation] also argues that if [Appellee] were to execute on any judgment obtained in State Court, the [corporation] would be unable to pay its employees and would be unable to fulfill its contracts. Yet, the corporation **does not dispute that it is current on those obligations and is not, otherwise, experiencing any immediate and serious financial and/or managerial difficulties.**

*See id.* (emphasis added).

On appeal, the corporation has not provided this Court with any new information that would support a finding that its financial position has changed since the time that the Bankruptcy Court reached its decision. Thus, the Court concludes that the

---

**3.** These are the same arguments upon which the corporation relied in opposition to Appel-

lee's motion in the Bankruptcy Court.

corporation was a completely solvent, profit-earning company that was up-to-date on all of its obligations to its creditors when it filed its Chapter 11 petition. Moreover, the Court notes that there is no dispute that the corporation had full access to its assets and was not prohibited by the state-court litigation from conducting its normal business. In fact, as the corporation acknowledges, no state-court judgment had been entered regarding its obligation to pay Appellee at the time that it filed its Chapter 11 petition.[4]

Moreover, although the corporation's future may be uncertain, it is not presently experiencing a difficult financial situation that would warrant a finding that its Chapter 11 filing was in good faith. Instead, it appears that, rather than risk an adverse judgment in state court based upon the Referee's Report, the corporation decided to seek Chapter 11 protection in the bankruptcy court. However, as several courts have noted, the purpose of the bankruptcy court is not to provide an alternate forum for a debtor to litigate its state-court issues "when the debtor has no other need of or use for the bankruptcy court." *In re Muskogee Envtl. Conservation Co.*, 236 B.R. at 68. Accordingly, the Court affirms the Bankruptcy Court's October 16, 2003 Letter Decision and Order dismissing the corporation's Chapter 11 petition.[5]

## IV. CONCLUSION

After carefully reviewing the file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that the Bankruptcy Court's October 16, 2003 Letter Decision and Order granting Appellee James J. Karczewski's motion to dismiss Appellant Fraternal Composite Services, Inc.'s Chapter 11 petition is **AFFIRMED IN ITS ENTIRETY. IT IS SO ORDERED.**

---

4. The Court also notes that it is unclear on this record whether the corporation would need Chapter 11 protection in the future even if it were subject to an adverse judgment in state court. The corporation argues that a state-court judgment ordering it to pay Appellee in one lump sum would render it insolvent. This argument appears to be based on the assumption that the corporation will owe Appellee $1.1 million (the value of Appellee's interest according to Appellee's valuation expert). Moreover, the evidence in the record indicates that the corporation would be able to pay Appellee in full and avoid insolvency if it could pay Appellee in installments. Although the state court has yet to issue a decision regarding the valuation of Appellee's share in the corporation or whether the corporation will be able to pay Appellee in installments, the corporation chose to file a Chapter 11 petition. However, as the court noted in *In re SGL Carbon Corp.*, the **mere possibility** that a debtor may have to file for Chapter 11 protection in the future does not establish grounds for a good-faith filing on its own. *See In re SGL Carbon Corp.*, 200 F.3d at 163–64 (emphasis added).

5. In the alternative, the corporation argues that the Bankruptcy Court should have conducted an evidentiary hearing before dismissing its Chapter 11 petition. The Court finds this argument to be unpersuasive. The factual record in this case was sufficiently well-developed to allow the Bankruptcy Court to examine all the circumstances of the case and to draw the necessary inferences to warrant dismissal. Specifically, the Bankruptcy Court had access to and reviewed the Referee's Report as well as the corporation's financial records. Thus, its conclusion that the corporation was solvent and up-to-date on all of its obligations and that, therefore, its filing of the Chapter 11 petition was premature was amply supported by the record and the corporation does not contest those findings on appeal. Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion by not holding an evidentiary hearing before it dismissed the corporation's petition.